CLARK, *qui tam*, &c. *against* DEWEY.

CLARK
v.
DEWEY.

A MOTION was made in behalf of the plaintiff, to set aside the execution in this cause, issued in favour of the defendant, the taxation of costs, and the judgment, so far as it relates to costs, with costs to be paid by the defendant.

*In an action qui tam, on the 4th section of the act for the prevention of frauds, (10 sess. c. 44.) no costs are recoverable by either party.*

The affidavit stated, that the suit was in debt on the 4th section of the act entitled, " An act for the prevention of frauds," against the defendant, as party to a fraudulent bargain and conveyance of goods, and that the cause was tried at the last *Cayuga* circuit, and a verdict found for the defendant ; that on the 2d of *November*, the sheriff called on the plaintiff with a *fi. fa.* for the costs, being 40 dollars and 91 cents, which was tested of *August* term. Notice of the present motion was given for the last term.

*Per Curiam.* Costs were not recoverable by the defendant in this case. Our statute, *for reducing the laws concerning costs into one statute*, declares, that nothing in the statute contained, shall extend to any popular action, nor to *any action to be prosecuted by any person in behalf of himself and the people, upon any general statute.* (*Laws*, 24 sess. c. 170. § 19.) The statute of *Gloucester*, and the statute of 4 *Jac.* I. which we have adopted, being thus excluded from application to this case, it is left as at common law, which gave no costs in any case. The 4th section of the statute of frauds, (10 sess. c. 44.) giving a moiety of the penalty therein mentioned to the party grieved, and the other moiety to the people, and for which penalty this suit was brought, gives no costs of suit. Nor does the plaintiff come within the 8th section of the act to redress disorders by common informers. (11 sess. c. 9.) That section is copied literally

ALBANY,
Feb. 1810.

from the 18 *Eliz.* c. 5. § 3. and it has been long settled and uniformly held, that the statute of *Eliz.* only applies to common informers ; and that no action upon any statute by *the party grieved*, whether the statute gives him the whole or part of the penalty, is within the purview of that statute. (2 *Leon.* 116. *Doghead's* case, 1 *Salk.* 30. *Cowp.* 366. *Hullock's Law of Costs*, 205.) There is then no statute by virtue of which the plaintiff would have been entitled to have recovered, or by which he is bound to pay costs ; and consequently the taxation of costs and the execution were irregular, and ought to be set aside, with the costs of this application.

Motion granted.